IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**LANDRIUS TYREE BOOSE,**

      **Plaintiff,**

v.                                                                        Case No. 3:18-cv-01480

**WESTERN REGIONAL JAIL;**
**ADMINISTRATOR WOOD;**
**CORRECTIONAL OFFICER ADKINS; and**
**LIEUTENANT FLEMING,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the court is Defendant Lieutenant Fleming's motion to dismiss Plaintiff's amended complaint. (ECF No. 25). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons that follow, the undersigned **RECOMMENDS** that Defendant Lieutenant Fleming's motion to dismiss, (ECF No. 25), be **GRANTED**; that the amended complaint, (ECF No. 23), be **DISMISSED**, with prejudice, against Defendant Lieutenant Fleming; and that Defendant Lieutenant Fleming be **REMOVED** as a defendant in this civil action.

**I.**    **Relevant Facts and Procedural History**

On November 19, 2018, Plaintiff Landrius Tyree Boose ("Boose") filed a *pro se* complaint pursuant 42 U.S.C. § 1983, alleging that a correctional officer, Defendant

Brittany Adkins ("Adkins"), assaulted him on October 23, 2018 while he was incarcerated in the Western Regional Jail and Correctional Facility (the "Jail"). (ECF No. 2). On May 22, 2019, Boose filed an amended complaint, which added Defendant Lieutenant Fleming ("Fleming") to the action. (ECF No. 23). In the amended complaint, Boose alleged that a false incident report was filed against him and he was moved to administrative segregation in the Jail after he was assaulted by Adkins. (ECF No. 23 at 1-2). Boose asserted that Fleming ordered jail personnel to deny Boose the right "to telephone or contact [his] counsel-of-record in order to apprise him of the situation," which Boose argued was a "deprivation of [his] Sixth Amendment rights." (*Id.* at 2).

Fleming filed a motion to dismiss in response to Boose's amended complaint. (ECF No. 25). In his supporting memorandum, Fleming argued that Boose's claims against him should be dismissed because the Sixth Amendment "provides protection only in a criminal prosecution." (ECF No. 26 at 3). Consequently, Fleming asserted that Boose's rights under the Sixth Amendment "cannot be violated in conjunction with a civil suit." (*Id.*). Furthermore, Fleming stated that to the extent that Boose's "claim for a violation of Sixth Amendment rights refers to the right to have assistance of counsel [... Boose] is not entitled to have an attorney appointment for him in this case." (*Id.*). Therefore, Fleming asserted that Boose's claims against him should be dismissed for failure to state a claim upon which relief can be granted.[1] (*Id.* at 4).

Boose filed a response to Fleming's motion to dismiss. He contended that Fleming hindered and obstructed him "from being able to file the necessary electronic grievances

---

[1] Fleming seeks dismissal under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. (ECF Nos. 25, 26). However, the motion is evaluated pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which applies in this federal proceeding. The undersigned notes that Fleming references Fed. R. Civ. P. 12(b)(6) in his reply brief. (ECF No. 30 at 2).

2

and follow up appeals and to have adequate access to the law library, phones, and the Jail computer system (Kiosk)," as well as "to be able to talk with [his] lawyer." (ECF No. 29 at 1). In addition, Boose argued that Fleming refused "to take before photo[s] of [Boose]" or the "the scene where it took place," and Fleming was "biased towards [Boose] throughout this whole process." (*Id.* at 1-2). Boose stated that when he asked to call his lawyer, Fleming told him to write his message on toilet paper. (*Id.* at 2). Further, Boose asserted in his amended complaint that his "mail would not get to [him], nor sent from the Jail." (*Id.*).

In reply, Fleming argued that Boose's response to the motion to dismiss merely reiterated his claims and provided more details regarding Fleming's alleged actions. (ECF No. 30 at 1). However, Fleming maintained that the allegations still did not rise to the level of a constitutional violation even if they were considered to be true. (*Id.*).

## II. **Standards of Review**

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (stating to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). Accordingly, the court will assume that the facts alleged in the amended complaint are true and will draw all reasonable inferences in the plaintiff's favor as the nonmoving party. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "Furthermore, when as here, a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, 'we must be especially solicitous of the wrongs

alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.*'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (quoting *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)).

While the court "take[s] the facts in the light most favorable to the plaintiff, … [the court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

Courts are required to liberally construe *pro se* complaints, such as the amended complaint filed herein. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the amended complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for her, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court.

*Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>Discussion</u>

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil and constitutional rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." *Id.* The statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)) (internal markings omitted). Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 171-172 (1961), *overruled on other grounds by* 436 U.S. 658.

In order to state a cause of action under § 1983, a plaintiff must present facts showing that: (1) a person deprived him or her of a federally protected civil right, privilege or immunity and (2) that the person did so under color of State law. *Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792, at *2 (D.S.C. Sept. 8, 2010); *see also American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). If either of these elements is missing, the complaint fails to state a claim for relief under § 1983. *Id.* at 50.

In this case, Boose alleges that he was assaulted by Adkins while he was incarcerated in the Jail, and Fleming thereafter restricted Boose from contacting his lawyer or accessing the administrative grievance procedure, law library, telephone, and

5

Jail computer system (Kiosk). (ECF Nos. 23, 29). He also stated in response to Fleming's motion to dismiss that his "mail would not get to [him], nor sent from the Jail," Fleming did not investigate the assault like all "competent staff members conducting an investigation are taught to do," and Fleming did nothing as a senior staff member "to help resolve the problem, but actually added to it and made it worse." (ECF No. 29 at 1-2).[2]

### *A. Access to Lawyer*

Boose alleges that Fleming denied him his Sixth Amendment rights by refusing to allow him to contact his lawyer. (ECF No. 23 at 2). Fleming, in turn, argues that Boose fails to state a claim upon which relief may be granted under § 1983 because the "Sixth Amendment provides protection only in a criminal prosecution" and "Plaintiff's Sixth Amendment rights cannot be violated in conjunction with a civil suit." (ECF No. 26 at 3).

A review of the amended complaint confirms the absence of factual allegations indicating that Boose was restricted from contacting his lawyer regarding his criminal case. Rather, Boose alleges that Fleming prevented Boose from contacting his lawyer to "apprise him of the situation," which ostensibly refers to the alleged assault by Adkins, the disciplinary incident report, and Boose's placement in segregation. (ECF No. 23 at 2). However, Boose did not have a constitutional right to confer with a lawyer concerning the alleged assault, subsequent events, or instant § 1983 case. *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975) (discussing that plaintiffs do not have a right to counsel in § 1983 cases). *Kaufman v. United States*, No. CV 1:12-0237, 2014 WL 12660117, at *1 (S.D.W.

---

[2] Boose also alleged in the amended complaint that an incident report was filed against him and he was moved to administrative segregation after the assault in order to punish him and justify the officers' actions. (ECF No. 23 at 1-2). However, Boose did not attribute those actions to Fleming in his amended complaint, (ECF No. 23), nor did he mention such claims in his response to Fleming's Motion to Dismiss, (ECF No. 29). As Boose makes no allegation attributing those actions to Fleming, they are not considered in this PF&R.

Va. Apr. 18, 2014) ("There is no constitutional right to appointment of counsel in civil cases, and the decision whether to appoint counsel is within the discretion of the Court."); *Cannon v. Hull*, No. 1:16CV359 (LMB/TCB), 2017 WL 359184, at *8 (E.D. Va. Jan. 23, 2017), *appeal dismissed,* 693 F. App'x 187 (4th Cir. 2017) ("Although plaintiff has created a factual dispute as to whether or not he was able to call his attorney, this disputed fact is not material as plaintiff has not established that he suffered a harm as a result of not being able to contact his attorney because he has not identified any legal matter that was pending at the time or otherwise explained why he needed to contact his attorney.").

Although Boose fails to assert any facts implicating his Sixth Amendment rights, his claims against Fleming can be construed as an allegation that Boose was denied meaningful access to the courts. *See, e.g., Cannon v. Hull*, No. 1:16-CV-359 (LMB/TCB), 2017 WL 359184, at *7 (E.D. Va. Jan. 23, 2017), *appeal dismissed,* 693 F. App'x 187 (4th Cir. 2017) (construing § 1983 plaintiff's statement that he was not allowed to call his attorney while incarcerated as a claim that he was denied meaningful access to the courts). "Inmates have a right to meaningful access to the courts, which requires that individuals acting under color of state law cannot hinder an inmate in his efforts to pursue a legal claim." *Id.* (citing *Bounds v. Smith*, 430 U.S. 817, 822 (1977)) and *Lewis v. Casey*, 518 U.S. 343 (1996)). The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis*, 518 U.S. at 355. Rather, inmates cannot be impeded from attacking their sentences, directly or collaterally, or challenging the conditions of their confinement. *Id.* The Supreme Court of the United States has "extended this universe of relevant claims only slightly, to civil rights actions—*i.e.,* actions under 42 U.S.C. § 1983 to vindicate basic constitutional

rights." *Id.* at 354. However, "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355.

In order to assert a colorable "access to the courts" claim, a plaintiff must not only allege facts demonstrating that his access was impeded, but also must allege facts showing that he suffered actual injury or specific harm to his litigation efforts resulting from such impediment. *Lewis*, 518 U.S. at 351; *Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Prince v. Crawford*, No. 3:16-CV-02317, 2017 WL 2991350, at *10 (S.D.W. Va. May 31, 2017), *report and recommendation adopted,* No. CV 3:16-2317, 2017 WL 2991344 (S.D.W. Va. July 13, 2017) (collecting cases); *Hundley v. Thomas*, No. 5:17-CT-3110-BO, 2017 WL 6759609, at *1 (E.D.N.C. Nov. 17, 2017), *aff'd,* 719 F. App'x 250 (4th Cir. 2018). "A plaintiff must make specific allegations as to the actual injury sustained," and "[c]onclusory allegations are not sufficient in this regard." *Winston v. Mannis*, No. 7:18-CV-00226, 2019 WL 1601493, at *3 (W.D. Va. Apr. 15, 2019) (citations omitted).

Here, even construing the facts alleged in the amended complaint in the light most favorable to the non-moving party, Boose fails to assert that he suffered any actual injury or specific harm to any litigation efforts as a result of Fleming refusing to allow him to contact his lawyer. Boose does not allege that Fleming's actions caused him any adverse legal consequences; he does not identify any legal action that he was precluded from instituting or defending or any pending action that was impacted by Fleming's actions. In fact, Boose was able to file and prosecute the instant action concerning the alleged assault that he suffered, and he amended the complaint to add claims that Fleming violated his civil rights. His ability to pursue this action undermines any claim that Fleming interfered

8

with his access to the courts.

Therefore, the undersigned **FINDS** that Boose fails to state a claim upon which relief may be granted regarding Fleming's alleged actions in denying Boose access to his attorney, and the undersigned **RECOMMENDS** that the presiding district judge dismiss this claim against Fleming. *See, e.g., Kelly v. Lewis*, No. 1:12CV1385, 2013 WL 3322361, at \*2 (M.D.N.C. July 1, 2013) ("Plaintiff alleges no actual injury and has accessed this Court through multiple filings. Therefore, his access to the courts claim should be dismissed."); *Winston*, 2019 WL 1601493, at \*3 ("In support of his access to courts claim, Winston alleges that he has had cases 'delayed' and 'dismissed,' but he does not provide any specific facts concerning the type(s) of cases, the claims he raised, or how the defendants' actions caused the cases to be delayed or dismissed. Accordingly, Winston has failed to sufficiently establish any actual injury, and, therefore, the court will grant defendants' motion to dismiss Winston's complaint as to this claim."); *Ajaj v. United States*, 479 F. Supp. 2d 501, 542–43 (D.S.C. 2007) (dismissing lack of access to courts claim because no allegation of prejudice resulting from the denial of access).

### B. Telephone, Law Library, Computer (Kiosk), Grievance Procedure, and Mail

As noted above, Boose's amended complaint includes a single claim specific to Fleming, and that claim is factually insufficient to withstand a motion to dismiss. (ECF No. 23). However, Boose stated in response to Fleming's dispositive motion that Fleming also showed "deliberate indifference" by "hindering and obstructing [Boose] from being able to file the necessary electronic grievances and follow up appeals and to have adequate access to the law library, phones, and the Jail computer system (Kiosk) which [were] not 'Jail privileges' but [his] rights to have adequate access to these things." (ECF No. 29 at

9

1). He further states that his "mail would not get to [him], nor sent from the Jail." (*Id.* at 2).

Contrary to Boose's belief, prisoners do not have a freestanding federal or constitutional right to use the telephone, computer, law library, or grievance procedure. *United States v. Alkire*, 1996 WL 166400, at *1 (4th Cir. 1996) ("[T]here is no constitutional or federal statutory right to use of a telephone while in prison."); *Winston v. Mannis*, No. 7:18-CV-00226, 2019 WL 1601493, at *3 (W.D. Va. Apr. 15, 2019) (granting motion to dismiss § 1983 that officer denied inmate access to the telephone because "an inmate has no federal legal right to use a telephone."); *Harris Joiner v. Solomon*, No. 1:17-CV-47-FDW, 2017 WL 663248, at *2 (W.D.N.C. Feb. 16, 2017) ("[T]here is no constitutional requirement that an inmate have free access to a telephone."); *Johnson v. Johnson*, No. CV 1:17-00608, 2018 WL 3629822, at *2 (S.D.W. Va. July 31, 2018) (collecting cases stating that the denial of the use of telephone in prison fails to state a colorable claim under § 1983); *Lewis*, 518 U.S. at 351 (stating that there is not "an abstract, freestanding right to a law library or legal assistance"); *Prince v. Crawford*, No. 3:16-CV-02317, 2017 WL 2991350, at *13 (S.D.W. Va. May 31, 2017), *report and recommendation adopted,* 2017 WL 2991344 (S.D.W. Va. July 13, 2017) ("Claims based upon deficiencies in a prison grievance procedure are not cognizable under § 1983 because 'the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.'") (quoting *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)"); *McClary v. Hafeze*, No. 1:19CV1, 2019 WL 1644957, at *2 (M.D.N.C. Feb. 5, 2019), *report and recommendation adopted,* 2019 WL 1641156 (M.D.N.C. Apr. 16, 2019) ("The alleged obstruction of Plaintiff's grievances does not state any claim for relief under § 1983 because there is no substantive due process right to a

10

prison grievance procedure."). While prisoners do have a First Amendment right to communicate with the outside world, they do not have a right to a particular means of access. *Barbati v. Bureau of Prisons*, No. 5:11-cv-0778, 2012 WL 4119300, at *6 (S.D.W. Va. Aug. 22, 2012), *report and recommendation adopted,* 2012 WL 4119865 (S.D.W. Va. Sept. 19, 2012) (citations omitted); *Prince*, 2017 WL 2991350, at *12. Boose implies that he was entirely restricted from communicating with the outside world because, in addition to not being able to use the telephone and other amenities, he was also not able to send or receive mail at the Jail. (ECF No. 29 at 2). However, his conclusory allegations are clearly belied by the record. Boose mailed his original complaint and *in forma pauperis* application while incarcerated at the Jail. (ECF Nos. 1, 2). Therefore, Boose's claim that he was not able to send or receive mail in the Jail is unequivocally disproven by his own pleading.

Further, Boose does not allege that Fleming, in particular, denied Boose's access to mail, as would be required to state a claim against Fleming. *Prince*, 2017 WL 2991350, at *12. Indeed, other than vague allegations that Fleming informed staff members to ignore and deny Boose's requests for the telephone, kiosk, and law library, Boose provides no factual foundation to maintain an action against Fleming. Moreover, insofar as Boose alleges that his restricted ability to use the telephone, computer, or law library interfered with his access to the courts, he does not demonstrate any related injury. (ECF Nos. 23, 29).

As stated, with respect to his assertion regarding access to the grievance kiosk, Boose had no constitutional right to an administrative grievance procedure. *See, e.g., Nolan v. Clarke,* No. 7:18-cv-00408, 2019 WL 4923953, at *6 (W.D. Va. Oct. 4, 2019) ("[I]nmates have no constitutional right to file a grievance or access any such procedure

11

voluntarily established by the state.") (citing *Booker v. South Carolina Dept. of Corrections*, 855 F.3d 533, 541 (4th Cir. 2017). Boose can pursue redress only for the alleged constitutional violations that were the subject of the administrative grievance, not for the inadequacies or denial of a grievance procedure. *See Prince*, 2017 WL 2991350, at *13 ("Thus, if Prince's grievances concerned actions which injured his constitutionally protected interests, he could file a claim under § 1983 to seek redress for that injury; however, § 1983 does not provide him an avenue to seek redress for the state's failure to address his grievances."); *Oliver v. Powell*, 250 F. Supp. 2d 593, 602–03 (E.D. Va. 2002) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.").

Therefore, the undersigned **FINDS** that Boose fails to state a claim upon which relief may be granted regarding Fleming's alleged actions in denying Boose access to the telephone, law library, computer, or grievance procedure, or that Boose was denied access to the mail, and the undersigned **RECOMMENDS** that the presiding district judge dismiss these claims.

### *C. Investigation of Alleged Assault*

Boose also stated in response to Fleming's motion to dismiss that Fleming "denied and hindered the matter, by refusing to take before photo[s] of [Boose], the scene where it took place, as any and all, competent staff members conducting an investigation are taught to do." (ECF No. 29 at 1). However, Boose did not have a federal or constitutional right to any particular type of investigation by Fleming. *Battle v. N. Carolina Dep't of Pub. Safety*, No. 1:17-CV-174-FDW, 2018 WL 4620619, at *8 (W.D.N.C. Sept. 26, 2018) (dismissing § 1983 claim that defendants failed to adequately and truthfully investigate

12

plaintiff's complaints about various acts of deliberate indifference and retaliation because there is no constitutional right to an investigation); *Mitchell v. Murray*, 856 F. Supp. 289, 294 (E.D. Va. 1994) (stating that there is not a "fundamental right requiring prison administrators investigate prisoner complaints."); *Jones v. Ervin*, No. 2:19-CV-385-RMG, 2019 WL 2241860, at *2 (D.S.C. May 24, 2019) ("Plaintiff has failed to state any valid claims against the Defendant officers [because the] allegations, that Plaintiff informed them of the retaliation and they allegedly ignored him and failed to investigate, do not make out a § 1983 claim."). Furthermore, the fact that Fleming may not have complied with Jail policies or procedures in investigating the alleged assault of Boose is not actionable under § 1983. *Witt v. Redman*, No. 7:17-CV-00438, 2018 WL 4374220, at *3 (W.D. Va. Sept. 13, 2018), *appeal dismissed,* 754 F. App'x 222 (4th Cir. 2019) ("[A]n inmate cannot bring a § 1983 claim that officials inadequately investigated a grievance or gave inaccurate responses to a grievance or an appeal. The court will grant the defendants' motion to dismiss as to any claim that they did not comply with a provision of a prison policy or the grievance procedures."); *Moore v. Gregory*, No. 7:06-CV-00546, 2007 WL 1555774, at *8 (W.D. Va. May 22, 2007), *report and recommendation adopted,* 2007 WL 1747145 (W.D. Va. June 15, 2007) ("Moore claims Sheriff Randy Fisher, Captain John Craig, Lt. Eric Young, First Sgt. Larry Dull, and Sgt. Christy Boyers were deliberately indifferent to Gregory's excessive use of force because they failed to properly investigate the incident. As a threshold matter, because a jail's institutional grievance procedure does not confer any substantive right upon prison inmates, a prison employee's failure to comply with the grievance procedure by promptly and/or properly investigating any alleged misconduct is not actionable under § 1983.").

Therefore, the undersigned **FINDS** that Boose fails to state a claim upon which relief may be granted regarding Fleming's alleged failure to adequately investigate the assault of Boose, and the undersigned **RECOMMENDS** that the presiding district judge dismiss this claim.

### D. Supervisory Liability

Finally, Boose asks the court to deny Fleming's motion to dismiss because Fleming "did nothing in his full capacity nor his job title as Senior Staff Member to help resolve the problem, but actually added to it and made matters worse." (ECF No. 29 at 2). However, this claim is not cognizable under § 1983.

"It is well established that the doctrine of respondeat superior does not apply in § 1983 claims." *Hurt v. Corr. Ofc. Rounds*, No. CV DKC-15-596, 2016 WL 1059359, at *8 (D. Md. Mar. 17, 2016) (citing *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). In a § 1983 action, "[l]iability of supervisory officials is not based on ordinary principles of respondeat superior, but rather is premised on a recognition that supervisory indifference or tacit authorization of subordinates misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Id.* (quoting *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001)). In order to state a claim for supervisory liability, the § 1983 plaintiff must demonstrate that " (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Id.* (citing *Shaw v. Stroud*, 13 F.3d 791, 799

(4th Cir. 1994)).

In this case, Boose "has pointed to no action or inaction on the part of [Fleming] that resulted in a constitutional injury." *Id.*; *see also Battle v. N. Carolina Dep't of Pub. Safety*, No. 1:17-CV-174-FDW, 2018 WL 4620619, at *9 (W.D.N.C. Sept. 26, 2018) ("Plaintiff has stated a facially sufficient claim against the foregoing supervisory Defendants by alleging that they were either personally involved in the violations or knew of their officers' and staff's actions and failed to stop them."). Even when reading the complaint, amended complaint, and response to motion to dismiss as one, and construing it under the light most favorable to Boose, the combined "pleading" lacks any factual foundation upon which Fleming could be held liable in his capacity as a supervisor. Accordingly, the undersigned **FINDS** that Boose fails to state a claim upon which relief may be granted regarding Fleming's alleged supervisor liability, and the undersigned **RECOMMENDS** that the presiding district judge dismiss this claim.

### IV.     Proposal and Recommendations

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant Lieutenant Fleming's motion to dismiss, (ECF No. 25), be **GRANTED**; that the amended complaint, (ECF No. 23), be **DISMISSED**, with prejudice, against Defendant Lieutenant Fleming; and that Defendant Lieutenant Fleming be **REMOVED** as a defendant in this civil action.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail)

from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, Defendants, counsel of record, and any unrepresented parties.

**FILED:** October 8, 2019

Cheryl A. Eifert
United States Magistrate Judge